1  Jeffrey G. Sheldon (SBN 67516)
   jgsheldon@usip.com
2  William D. Bowen (SBN 254398)
   william.bowen@usip.com
3  SHELDON MAK & ANDERSON PC
   100 Corson Street, Third Floor
4  Pasadena, California  91103-3842
   Telephone: 626.796.4000
5  Facsimile: 626.795.6321

6  Attorneys for Plaintiffs May Cheong Toy Products
   Factory Limited and Maisto International, Inc.

7  Adrian M. Pruetz (SBN 118215)
   apruetz@glaserweil.com
8  Erica J. Van Loon (SBN 227712)
   evanloon@glaserweil.com
9  Jessica A. Wood (SBN 269562)
   jwood@glaserweil.com
10 GLASER WEIL FINK JACOBS
     HOWARD AVCHEN & SHAPIRO LLP
11 10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
12 Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920

13 Attorneys for Defendants
   Autotec Sales Inc., Xin Yu Arts Toys Co., Ltd.,
14 X.Q. (HK) Enterprises, Limited and Sherman Lin

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAY CHEONG TOY PRODUCTS FACTORY LIMITED., a Hong Kong private limited company, and MAISTO INTERNATIONAL, INC., a California corporation,<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>AUTOTEC SALES INC., a California corporation, XIN YU ARTS TOYS CO., LTD., a Chinese limited liability company, X.Q. (HK) ENTERPRISES, LIMITED, a Hong Kong private limited company, SHERMAN LIN, an individual, and DOES 1-10, inclusive,<br>　　　　　　Defendants. | Case No.:  CV12-09441 ABC (CWx)<br><br>Honorable Carla Woehrle<br><br>**PROTECTIVE ORDER** |

## GOOD CAUSE; LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of trade secrets or other confidential research, development, commercial, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted.  The parties believe that good cause exists for the entry of this Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure because Confidential Material (as defined below) constitutes trade-secret or other confidential or proprietary information, the disclosure of which is likely to have the effect of harming the competitive position of the Designating Party (as defined below) or violating an obligation of confidentiality owed to a third party.

Confidential Material designated under the terms of this Order shall be used by a Discovering Party (as defined below) solely for this litigation and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery.  Designations of confidentiality shall be made with care and shall not be made absent a good faith belief that the Confidential Material satisfies the criteria set forth below for each category.

## DEFINITIONS

1. As used in this Protective Order,

   a. "Designating Party" means any Person who designates Material as Confidential Material.

   b. "Discovering Counsel" means counsel of record for a Discovering Party.

   c. "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

d. "Confidential Material" refers to those materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as defined in Paragraph 2 below.

e. "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Protective Order.

f. "Party" means any party to this action, including its officers, directors, employees, attorneys of record and their agents.

g. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

h. "Producing Party" means any Person who Provides Material during the course of this action.

i. "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## CONFIDENTIAL DESIGNATION

2. A Producing Party may designate Confidential Material as follows:

a. A Producing Party may designate "CONFIDENTIAL" any material provided to a Party which contains or discloses any of the following:

　　i. Non-public insider information, personnel files, financial information, trade secrets, confidential commercial information, proprietary information, or other confidential or sensitive information which the Producing Party determines in good faith should be kept confidential; and

　　ii. Information that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person.

    b. A Producing Party may designate as "ATTORNEYS' EYES ONLY," documents it contends contain or disclose materials which it in good faith believes to be of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to the Parties in this case if disclosed.

  3. A Producing Party shall stamp as CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials which the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraph 2 of this Order. A Producing Party may designate Confidential Material for Protection under this order by either of the following methods:

    a. By physically marking it with the following inscription prior to Providing it to a Party:

CONFIDENTIAL or
ATTORNEYS' EYES ONLY

    b. By identifying with specificity in writing to the Discovering Party any previously Provided Material which was not designated as Confidential Material prior to its having been Provided.  For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph. Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party. For previously Provided Material which was not designated as Confidential Material at

the time of its being Provided, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation.

All costs associated with the designations of materials as "Confidential" or "Attorneys' Eyes Only" involving, for example, the cost of binding confidential portions of deposition transcripts, shall be initially borne by the Party making the designation with no prejudice regarding the Designating Party's ability to recover its costs upon completion of the litigation.

The designation of documents as "Confidential" or "Attorneys' Eyes Only" does not entitle the parties to have those documents filed under seal. An application, including a stipulated application to file documents under seal must comply with Local Rule 79-5.

**RESTRICTION ON USE OF CONFIDENTIAL MATERIAL**

4. Confidential Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 7 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order. Confidential Material designated as ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Paragraph 8 of this Protective Order.

5. Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 7 or 8 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

6. All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to Paragraphs 7 or 8 of this Protective Order.

7. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

    a. Counsel of record working on this action on behalf of any Party and counsel of record's employees who are directly participating in this action, including counsel of record's partners, associates, paralegals, assistants, secretaries, and clerical staff;

    b. In-house counsel and such in-house counsel's employees who are directly participating in this action, including in-house counsel's paralegals, assistants, secretaries, and clerical staff;

    c. Court and deposition reporters and their staff.

    d. Interpreters and translators employed by the Court or assisting counsel of record with respect to this action;

    e. The Court and any Person employed by the Court whose duties require access to Material designated as CONFIDENTIAL;

    f. Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 11-13;

    g. Non-party experts and consultants assisting counsel of record with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 11-13;

    h. Officers, directors and employees of the Parties hereto who have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein;

    i. Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

    j. Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

    k. Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

    l. Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

  The Parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto.

  8. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, the Discovering Counsel may disclose Material designated as ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

    a. Counsel of record for the Parties to this action and counsel of record's employees who are directly participating in this action, including counsel of record's partners, associates, paralegals, assistants, secretarial, and clerical staff;

    b. Court and deposition reporters and their staff;

    c. The Court and any person employed by the Court whose duties require access to Material designated as ATTORNEYS' EYES ONLY;

    d. Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in paragraphs 11-13;

    e. Experts and consultants assisting counsel of record with respect to this action and their secretarial, technical and clerical employees who are

actively assisting in the preparation of this action, in accordance with the procedures set forth in paragraphs 11-13;

      f.      Any Person identified on the face of any such Material designated as ATTORNEYS' EYES ONLY as an author or recipient thereof;

      g.      Any Person who is determined to have been an author and/or previous recipient of the Material designated as ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person; and

      h.      Any Person who the Parties agree in writing may receive Material designated as ATTORNEYS' EYES ONLY.

### UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

9.      Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 7(f), 7(g), 8(d) or 8(e) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order and shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 7(f), 7(g), 8(d) or 8(e) to whom Discovering Counsel discloses Confidential Material.

10.      The individuals designated in subparagraph 8(a) above, are specifically prohibited from publishing, releasing, or otherwise disclosing Material designated as ATTORNEYS' EYES ONLY, or the contents thereof, to any directors, officers, or employees of the company for which the individual is employed, or to any other persons not authorized under this Protective Order to receive such information. The designated individuals in subparagraph 8(a) shall

retain all ATTORNEYS' EYES ONLY material in a secure manner under separate and confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized persons.

## DEPOSITIONS

11. Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel of record, and (c) Persons authorized under Paragraph 7 of this Protective Order to view such Confidential Material. During those portions of depositions in which Material designated ATTORNEYS' EYES ONLY is used or inquired into, only those persons authorized under Paragraph 8 to view such Materials may be present.

12. Counsel of record for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material. Counsel of record for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material. Failure of counsel of record to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty calendar days of receipt of the transcript of the deposition, or thirty days of the date on which this Protective Order becomes effective, whichever occurs last, Counsel of record shall be entitled to designate specific testimony or exhibits as Confidential Material. If Counsel of record for the deponent or Party fails to designate the transcript or exhibits as Confidential within the above-described thirty day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material. For purposes of this Paragraph 12, this Protective Order shall be deemed

1  "effective" on the date on which it has been executed by counsel of record for all
2  Parties.

3      13.    When Material disclosed during a deposition is designated
4  Confidential Material at the time testimony is given, the reporter shall separately
5  transcribe those portions of the testimony so designated, shall mark the face of the
6  transcript in accordance with Paragraph 3 above, and shall maintain that portion of
7  the transcript or exhibits in separate files marked to designate the confidentiality of
8  their contents. The reporter shall not file or lodge with the Court any Confidential
9  Material without obtaining written consent from the Party who designated the
10  Material as Confidential Material. For convenience, if a deposition transcript or
11  exhibit contains repeated references to Confidential Material which cannot
12  conveniently be segregated from non-confidential material, any Party may request
13  that the entire transcript or exhibit be maintained by the reporter as Confidential
14  Material.

## USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

17      14.    If any Party or non-party seeks to file or lodge with the Court any
18  Confidential Material, such materials shall be submitted to the Court in accordance
19  with the procedures set forth in Local Rule 79-5.1. No documents may be filed or
20  lodged under seal absent a court order pertinent to the specific document(s).  If a
21  Party wishes to file or lodge documents under seal, the other Party shall not
22  unreasonably withhold agreement to such procedure. If an agreement is reached,
23  the Parties shall submit to the Court a Stipulation and Proposed Order for such
24  filing or lodging under seal. If no such agreement is reached, then the proponent of
25  lodging or filing under seal shall submit an Application and Proposed Order
26  pursuant to Local Rule 79-5.1.
27  //
28  //

## OBJECTIONS TO DESIGNATION

15. Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential Material is not properly so designated because such Material does not warrant protection under applicable law. The Discovering Party shall within five court days, meet and confer in good faith with the Designating Party in an attempt to resolve such dispute. The Designating Party shall have ten (10) calendar days from the initial meet and confer to file a motion to uphold the designation of the material in question. Any such motion shall be set for hearing on the first available calendar date. If no motion is filed within 10 days, or any mutually agreed to extension of time, all Parties may treat the Material as non-confidential. To maintain the designation as Confidential Material and to prevail on such a motion, the Designating Party must show by a preponderance of the evidence that there is good cause for maintaining the original designation. Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by this Protective Order shall continue to treat the Material which is the subject of the motion as Confidential Material.

16. Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Protective Order shall be brought in compliance with Local Rule 37 and a proposed stipulated protective order should so provide.

## RETURN OF MATERIAL

17. Within ninety (90) calendar days after the final settlement or termination of this action, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all Materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to this action are

being conducted. In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel of record for each Party shall store in a secure area all work product which embodies Confidential Material together with all of the signed undertakings they are required to preserve pursuant to Paragraph 9 above, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown. The obligation of this Protective Order shall survive the termination of this action. To the extent that Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order. Upon request, counsel of record for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## **SCOPE OF THIS ORDER**

18. Except for the provisions regarding post-trial or post-settlement return and destruction of Material, or segregation of work product which embodies Confidential Material, this order is strictly a pretrial order; it does not govern the trial in this action.

19. Not later than seven days before trial in the action, counsel of record agree to meet and confer concerning the use at trial of Confidential Material.

20. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective

Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

21. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

22. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

23. This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

24. The restrictions set out in the Protective Order shall not apply to any Material which:

    a. At the time it is Provided is available to the public;

    b. After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

    c. The Discovering Party can show

        i. Was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

        ii. Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

25. If at any time any Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other

1  request is directed shall immediately give written notice thereof to the Producing
2  Party with respect to Confidential Material sought and shall afford the Producing
3  Party reasonable opportunity to pursue formal objections to such disclosures. If the
4  Producing Party does not prevail on its objections to such disclosure, the
5  Discovering Party may produce the Confidential Material without violating this
6  Protective Order.

## SUBMISSION TO COURT

26.  The Parties agree to submit this Protective Order to the Court for adoption as an order of the Court. The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

**IT IS SO ORDERED.**

Date:  March 12, 2013

*Carla M. Woehrle*
_____
Honorable Carla Woehrle
United States District Court Judge

# **EXHIBIT A**

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER**

**REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *May Cheong Toy Products Factory Limited, et al., v. Autotec Sales Inc., et al.,* No. CV12-09441 ABC (CWx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:       _____

City and State where sworn and signed:        _____

Signed:       _____        _____

[Print Name]        [Signature]